# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY MCDONALD, | * | |
| Plaintiff, | * | |
| v. | * | CV 114-185 |
| AUGUSTA, GEORGIA; RICHMOND COUNTY CORONER; and MARK BOWEN, in his official capacity as Richmond County Coroner, | * | |
| Defendants. | * | |

**O R D E R**

Presently pending before the Court is the parties' Amended Joint Motion to Approve Settlement and for Dismissal with Prejudice. (Doc. 30.) The Court previously denied the parties' first request to approve settlement, finding the pervasive release language to be unfair. For the reasons stated herein, the amended motion is **GRANTED**.

In this action, Plaintiff's claims are brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-209. The FLSA was enacted with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). Because workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant

eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of FLSA's minimum employee protections. Id.

Accordingly, FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor, and therefore is inapplicable to the proposed settlement in this case. See id. at 1353.

The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such an instance, the parties must present the proposed settlement to the Court, and the Court may approve the settlement "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

2

In this case, Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and his employer. After reviewing the parties' Amended Joint Motion to Approve Settlement, the settlement agreement attached thereto, and the pleadings, it appears that the parties are in fact engaged in a bona fide dispute as Plaintiff's entitlement to unpaid overtime compensation and the settlement is fair and reasonable. Specifically, none of the proceeds to be paid to Plaintiff for settlement of his FLSA claim are in exchange for a release of any other claims.

For the reasons stated, the parties' Joint Motion to Approve Settlement (doc. 30) is **GRANTED**. Accordingly, the settlement agreement is **APPROVED**, this case is hereby **DISMISSED WITH PREJUDICE,** and the Clerk shall **TERMINATE** all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of July, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA